**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

QUANTEL O. SAUNDERS,

      Movant,

v.                                           CIVIL ACTION NO.  5:24-cv-00679
                                           CRIMINAL ACTION NO. 5:23-cr-108

UNITED STATES OF AMERICA,

      Respondent.

## <u>ORDER</u>

Pending is Movant Quantel O. Saunders' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [Doc. 55], filed November 25, 2024. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on March 18, 2026. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Saunders' § 2255 Motion and remove this matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on May 6, 2026.[1] No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 89**], **DENIES** Mr. Saunder § 2255 Motion [**Doc. 55**], and **REMOVES** this matter from the docket.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate satisfies this standard by demonstrating reasonable jurists would find that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, Mr. Saunders has not made the requisite showing. Accordingly, the Court **DENIES** a certificate of appealability.

---

[1] Mr. Saunders' objections were originally due April 6, 2026. [Doc. 89]. On April 13, 2026, however, the Court granted Mr. Saunders a thirty-day extension. [Doc. 91].

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:  May 26, 2026

Frank W. Volk
Chief United States District Judge